TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.

_Jean Williams, on behalf of herself
and all similarly situated
individuals_ _____, PLAINTIFF(S)

V.

_City of Springfield Department
of Public Works_ _____, DEFENDANT(S)

SUMMONS

To the above named defendant: _C/o City Clerk, City of Springfield_
_36 Court St. Springfield MA 01103_

    You are hereby summoned and required to serve upon _Daniel X. Montagna_
plaintiff's attorney, whose address is _1380 Main St, Ste 202, Springfield MA 01103_
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a
reasonable time thereafter.

    Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Judith Fabricant, Esq., at Springfield the _4th_ day of _October_
in the year of our Lord two thousand sixteen.

Laura S. Gentile, Esquire
CLERK OF COURTS

RECEIVED
OCT 07 2016
CITY OF SPRINGFIELD
Law Department

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM No. 1

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| PLAINTIFF(S):   JEAN WILLIAMS | | COUNTY<br>Hampden |
| ADDRESS: | | |
| | DEFENDANT(S):   CITY OF SPRINGFIELD DEPARTMENT OF PUBLIC WORKS | |
| ATTORNEY:   Daniel X. Montagna | | |
| ADDRESS:   1380 Main Street, Suite 202, Springfield, MA  01103 | ADDRESS:   70 Tapley Street, Springfield, MA  01104 | |
| BBO:   679341 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>AB1 | TYPE OF ACTION (specify)<br>Tortious action involving municipality | TRACK<br>A | HAS A JURY CLAIM BEEN MADE?<br>☒ YES    ☐ NO |
|---|---|---|---|

*If "Other" please describe:   Employment discrimination

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ..................................................................................................... $ _____
    2. Total doctor expenses ...................................................................................................... $ _____
    3. Total chiropractic expenses ............................................................................................. $ _____
    4. Total physical therapy expenses ...................................................................................... $ _____
    5. Total other expenses (describe below) ............................................................................ $ _____
                                      Subtotal (A): $ _____

B. Documented lost wages and compensation to date ................................................................. $ 5000/per Pl.
C. Documented property damages to dated .................................................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................ $ _____
E. Reasonably anticipated lost wages ......................................................................................... $ _____
F. Other documented items of damages (describe below) ............................................................ $ 25,000
       Emotional distress

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
   Lost wages and emotional distress due to gender discrimination.

                                   TOTAL (A-F):$ 30,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                   TOTAL: $ _____

Signature of Attorney/Pro Se Plaintiff: X _____    Date: 9/26/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____    Date: 9/26/16

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

JEAN WILLIAMS, on behalf of herself and all
similarly situated individuals,
                          Plaintiff

v.

CITY OF SPRINGFIELD DEPARTMENT OF
PUBLIC WORKS,
                          Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

### THE PARTIES

1. Plaintiff Jean Williams ("Williams") is an individual currently residing in Springfield,

    Hampden County, Massachusetts.

2. Defendant City of Springfield Department of Public Works is a political subdivision of the

    City of Springfield, Hampden County, Massachusetts.

### FACTS

3. Plaintiff has been employed as an office clerk with Defendant since 1991.

4. In fall 2012, Defendant posted a notice for interested employees to apply for position of snow

    route inspector for the following winter season.

5. The snow route inspector position was in charge of reviewing city streets after snow storms

    to track the condition of city streets and the progress of snow plows.

6. Plaintiff applied for the position and was offered a role as a secondary snow route inspector.

7. Secondary snow route inspectors served as backup for primary snow route inspectors.

8. Secondary snow route inspectors would only be called in to work as a snow route inspector

when a primary inspector was unavailable.

9.  In the 2012-2013 winter season Plaintiff was trained but was never called to work as a secondary snow route inspector.

10. On information and belief, no women were assigned as primary snow route inspectors for the city, only men.

11. In fall 2013, Plaintiff again applied for the snow route inspector position posted by Defendant.

12. When Plaintiff did not hear anything further about her status as a snow route inspector, she confronted Vinnie Desantis, a supervisor for Defendant, about the list of inspectors.

13. Desantis showed Plaintiff the list of inspectors, and it contained only men as primary snow route inspectors.

14. When Plaintiff asked Desantis why she was not on the list as a primary snow inspector, he did not respond.

15. On December 12, 2013, Plaintiff met with Desantis and her supervisor Mario Mazza.

16. As a result of that meeting, Plaintiff was assigned to be a secondary inspector.

17. Upon information and belief, for the 2013/2014 winter season, no women were assigned to be a primary snow route inspector, only men.

18. During the 2013/2014 snow season, several storms necessitated snow route inspection and Plaintiff was called into work for only one storm as a secondary snow route inspector.

19. Defendant's actions have had a disparate and discriminatory impact on Plaintiff and other similarly situated women.

20. Plaintiff and other similarly situated individuals have been harmed financially by Defendant's practice of not appointing women as primary snow route inspectors.

## COUNT I
### (Gender Discrimination M.G.L. c. 151B)

21. Plaintiff repeats and repleads the allegations contained in Paragraphs 1 through 20 of this Complaint as if set forth again herein in their entirety.

22. Defendant has violated G.L. c.151B, § 4(1), through the assignment of the position of primary snow route inspector, to the detriment of women.

23. This is discrimination by disparate treatment and/or disparate impact.

24. As a result of Defendant's discriminatory conduct, Plaintiff and all others similarly situated have suffered emotional distress and economic and other damages.

   **Wherefore**, Plaintiff and those similarly situated demand judgment against Defendant in an amount that the Court deems just, including but not limited to equitable relief of this Court, compensatory damages, punitive damages, attorney fees, and interest.

## COUNT II
### (Gender Discrimination Title VII)

25. Plaintiff repeats and repleads the allegations contained in Paragraphs 1 through 24 of this Complaint as if set forth again herein in their entirety.

26. Defendant has violated Title VII of the Civil Rights Act of 1964 through the assignment of the position of primary snow route inspector, to the detriment of women.

27. This is discrimination by disparate treatment and/or disparate impact.

28. As a result of Defendant's discriminatory conduct, Plaintiff and all others similarly situated have suffered emotional distress and economic and other damages.

   **Wherefore**, Plaintiff and those similarly situated demand judgment against Defendant in an amount that the Court deems just, including but not limited to equitable relief of this Court, compensatory damages, punitive damages, attorney fees, and interest.

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL FACTS AND ISSUES SO TRIABLE.

PLAINTIFF, JEAN WILLIAMS

Date: September 26 2016.

Lisa Brodeur-McGan, Esq, (BBO# 55675)
lbm@brodeurmcgan.com
Daniel X. Montagna, Esq. (BBO# 647256)
dmontagna@brodeurmcgan.com
Brodeur-McGan, P.C.
1380 Main Street, Suite 202
Springfield, MA  01103
 (413) 735-1775; Fax (413) 735-1772