# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

JEAN WILLIAMS, on behalf of herself and all
similarly situated individuals,
           Plaintiff

v.

CITY OF SPRINGFIELD DEPARTMENT OF
PUBLIC WORKS,
           Defendant

COMPLAINT AND DEMAND FOR JURY TRIAL

THE PARTIES

1.  Plaintiff Jean Williams ("Williams") is an individual currently residing in Springfield,

    Hampden County, Massachusetts.

2.  Defendant City of Springfield Department of Public Works is a political subdivision of the

    City of Springfield, Hampden County, Massachusetts.

FACTS

3.  Plaintiff has been employed as an office clerk with Defendant since 1991.

4.  In fall 2012, Defendant posted a notice for interested employees to apply for position of snow

    route inspector for the following winter season.

5.  The snow route inspector position was in charge of reviewing city streets after snow storms

    to track the condition of city streets and the progress of snow plows.

6.  Plaintiff applied for the position and was offered a role as a secondary snow route inspector.

7.  Secondary snow route inspectors served as backup for primary snow route inspectors.

8.  Secondary snow route inspectors would only be called in to work as a snow route inspector

when a primary inspector was unavailable.

9.  In the 2012-2013 winter season Plaintiff was trained but was never called to work as a secondary snow route inspector.

10. On information and belief, no women were assigned as primary snow route inspectors for the city, only men.

11. In fall 2013, Plaintiff again applied for the snow route inspector position posted by Defendant.

12. When Plaintiff did not hear anything further about her status as a snow route inspector, she confronted Vinnie Desantis, a supervisor for Defendant, about the list of inspectors.

13. Desantis showed Plaintiff the list of inspectors, and it contained only men as primary snow route inspectors.

14. When Plaintiff asked Desantis why she was not on the list as a primary snow inspector, he did not respond.

15. On December 12, 2013, Plaintiff met with Desantis and her supervisor Mario Mazza.

16. As a result of that meeting, Plaintiff was assigned to be a secondary inspector.

17. Upon information and belief, for the 2013/2014 winter season, no women were assigned to be a primary snow route inspector, only men.

18. During the 2013/2014 snow season, several storms necessitated snow route inspection and Plaintiff was called into work for only one storm as a secondary snow route inspector.

19. Defendant's actions have had a disparate and discriminatory impact on Plaintiff and other similarly situated women.

20. Plaintiff and other similarly situated individuals have been harmed financially by Defendant's practice of not appointing women as primary snow route inspectors.

## COUNT I
### (Gender Discrimination M.G.L. c. 151B)

21. Plaintiff repeats and repleads the allegations contained in Paragraphs 1 through 20 of this Complaint as if set forth again herein in their entirety.

22. Defendant has violated G.L. c.151B, § 4(1), through the assignment of the position of primary snow route inspector, to the detriment of women.

23. This is discrimination by disparate treatment and/or disparate impact.

24. As a result of Defendant's discriminatory conduct, Plaintiff and all others similarly situated have suffered emotional distress and economic and other damages.

Wherefore, Plaintiff and those similarly situated demand judgment against Defendant in an amount that the Court deems just, including but not limited to equitable relief of this Court, compensatory damages, punitive damages, attorney fees, and interest.

## COUNT II
### (Gender Discrimination Title VII)

25. Plaintiff repeats and repleads the allegations contained in Paragraphs 1 through 24 of this Complaint as if set forth again herein in their entirety.

26. Defendant has violated Title VII of the Civil Rights Act of 1964 through the assignment of the position of primary snow route inspector, to the detriment of women.

27. This is discrimination by disparate treatment and/or disparate impact.

28. As a result of Defendant's discriminatory conduct, Plaintiff and all others similarly situated have suffered emotional distress and economic and other damages.

Wherefore, Plaintiff and those similarly situated demand judgment against Defendant in an amount that the Court deems just, including but not limited to equitable relief of this Court, compensatory damages, punitive damages, attorney fees, and interest.

3

PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL FACTS AND
ISSUES SO TRIABLE.

PLAINTIFF, JEAN WILLIAMS

Date: September 26 2016.

Lisa Brodeur-McGan, Esq, (BBO# 55675)
lbm@brodeurmcgan.com
Daniel X. Montagna, Esq. (BBO# 647256)
dmontagna@brodeurmcgan.com
Brodeur-McGan, P.C.
1380 Main Street, Suite 202
Springfield, MA  01103
 (413) 735-1775; Fax (413) 735-1772

4