# EXHIBIT Z

Case 3:16-cv-30179-KAR Document 41-18 Filed 01/09/19 Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:16CV30179-MGM

| | |
|---|---|
| JEAN WILLIAMS, on behalf of herself and all similarly situated individuals<br><br>Plaintiff<br><br>v<br><br>CITY OF SPRINGFIELD DEPARTMENT OF PUBLIC WORKS<br><br>Defendant | ANSWER TO COMPLAINT |

Now comes the Defendant, City of Springfield Department of Public Works ("Defendant"), by and through its attorneys, and hereby answers the Plaintiff's Complaint as follows:

## THE PARTIES

1. The Defendant has insufficient knowledge to either admit or deny the allegations contained in the first paragraph of the Plaintiff's complaint.

2. The Defendant admits the allegations contained in the second paragraph of the Plaintiff's complaint.

## FACTS

3. The Defendant admits the allegations contained in the third paragraph of the Plaintiff's Complaint.

4. The Defendant admits the allegations contained in the fourth paragraph of the Plaintiff's Complaint.

5. The Defendant admits in part the allegations contained in the fifth paragraph of the Plaintiff's Complaint. However, the position of snow route inspector requires the performance of many other job responsibilities and duties.

6. The Defendant denies the allegations contained in the sixth paragraph of the Plaintiff's Complaint, but states that the Plaintiff was hired as a backup inspector. There are no secondary inspectors.

7. The Defendant admits in part the allegations contained in the seventh paragraph of the Plaintiff's Complaint, but states that there are no secondary inspectors and back up inspectors are utilized only when necessary.

8. The Defendant admits in part the allegations contained in the eighth paragraph of the Plaintiff's Complaint but states that there are no secondary inspectors and back up inspectors are utilized only when necessary.

9.      The Defendant admits the allegations contained in the ninth paragraph of the Plaintiff's Complaint that Plaintiff was trained as a backup snow inspector but was never called for the 2012-2013 winter season.

10.     The Defendant admits the allegations contained in the tenth paragraph of the Plaintiff's Complaint.

11.     The Defendant admits the allegations contained in the eleventh paragraph of the Plaintiff's Complaint.

12.     The Defendant denies the allegations contained in the twelfth paragraph of the Plaintiff's Complaint as to why Plaintiff spoke to Mr. Desantis. Defendant states that Mr. Desantis gave the Plaintiff the list of primary snow inspectors and explained they worked every storm.

13.     The Defendant admits in part the allegations contained in the thirteenth paragraph of the Plaintiff's Complaint. Defendant admits that Plaintiff was shown the list of primary snow inspectors and the list of primary snow inspectors contained only men.

14.     The Defendant denies the allegations contained in the fourteenth paragraph of the Plaintiff's Complaint.

15.     The Defendant admits the allegations contained in the fifteenth paragraph of the Plaintiff's Complaint.

16.     The Defendant denies the allegations contained in the sixteenth paragraph of the Plaintiff's Complaint.

17.     The Defendant admits the allegations contained in the seventeenth paragraph of the Plaintiff's Complaint.

18.     The Defendant admits that the 2013/2014 snow season produced several storms which necessitated snow route inspection and denies that the Plaintiff was only called into work for one of those storms.

19.     The Defendant denies the allegations contained in the nineteenth paragraph of the Plaintiff's Complaint.

20.     The Defendant denies the allegations contained in the twentieth paragraph of the Plaintiff's Complaint.

### COUNT I
### (Gender Discrimination M.G.L. c. 151B)

21.     The Defendant repeats and realleges its answers to each of the forgoing paragraphs of this complaint as if they are restated fully herein.

22.     The Defendant denies the allegations contained in the twenty-second paragraph of the Plaintiff's Complaint.

23.     The Defendant denies the allegations contained in the twenty-third paragraph of the Plaintiff's Complaint.

24. The Defendant denies the allegations contained in the twenty-fourth paragraph of the Plaintiff's Complaint.

## COUNT II
### (Gender Discrimination Title VII)

25. The Defendant repeats and realleges its answers to each of the forgoing paragraphs of this complaint as if they are restated fully herein.

26. The Defendant denies the allegations contained in the twenty-sixth paragraph of the Plaintiff's Complaint.

27. The Defendant denies the allegations contained in the twenty-seventh paragraph of the Plaintiff's Complaint.

28. The Defendant denies the allegations contained in the twenty-eighth paragraph of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
Plaintiff has failed to state a claim for which relief can be granted.

### SECOND DEFENSE
Defendant reserves the right to supplement its defenses based on any after acquired information.

### THIRD DEFENSE
Plaintiff has failed to raise allegations of discrimination in accordance with M.G.L. c. 151B and Title VII of the Civil Rights of 1964 Act as amended.

### FOURTH DEFENSE
Plaintiff has failed to mitigate her damages.

### FIFTH DEFENSE
Plaintiff has failed to show that she has sustained any damages as a result of the alleged incident.

### SIXTH DEFENSE
Plaintiff has failed to file this action within the time period required by law.

### SEVENTH DEFENSE
Plaintiff has failed to exhaust all administrative, regulatory or statutory remedies available to her.

### EIGHTH DEFENSE
Plaintiff has asserted no facts which would support a claim for punitive damages under Title VII. Therefore, Plaintiff has failed to state a claim upon which relief can be granted under Title VII.

### NINTH DEFENSE
Plaintiff has failed to state a claim upon which relief can be granted for discrimination.

## TENTH DEFENSE
If Plaintiff is able to show damages, said damages are not causally related to any act or omission of the Defendant.

## ELEVENTH DEFENSE
Plaintiff has asserted no fact which would support a claim that there are similarly situated employees such that they constitute a class.

## TWELTH DEFENSE
Defendant denies that Plaintiff was subjected to any type of discriminatory or unlawful actions. Furthermore, Defendant, at all times relevant to this action, acted in good faith toward Plaintiff and in compliance with any and all applicable laws.

## THIRTEENTH DEFENSE
Plaintiff's claim may be barred to the extent that she was not made the subject of a timely charge of discrimination, is beyond the scope of the charge of discrimination, and/or to the extent that Plaintiff otherwise failed to exhaust its/her administrative remedies.

## FOURTEENTH DEFENSE
The proposed class fails to meet the four prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.

## OTHER AFFIRMATIVE DEFENSES
The Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, the Defendant requests this Honorable Court to enter judgment in its favor as to all counts alleged in the Plaintiff's Complaint and to award it costs. The Defendant further requests a trial by jury on all counts alleged in the Plaintiff's complaint.

                                      Respectfully submitted,
                                      The Defendant,
                                      City of Springfield Department
                                      Of Public Works

Dated: December 5, 2016

                                      By: /s/ Lisa C.deSousa
                                      Lisa C. deSousa, Esq. BBO#546115
                                      Kathleen E. Sheehan, Esq. BBO#456910
                                      City of Springfield Law Department
                                      36 Court Street, Room 210
                                      Springfield, MA 01103
                                      Telephone: (413) 787-6085
                                      Fax: (413) 787-6173
                                      ldesousa@springfieldcityhall.com
                                      ksheehan@springfieldcityhall.com

### CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that a true copy of the within Defendant's Answer to Complaint was this day served upon the Plaintiff by mailing same to:

    Brodeur-McGan PC
    **LISA BRODEUR-MCGAN, ESQ.**
    **DANIEL X. MONTAGNA, ESQ.**
    1380 Main Street, Suite 202
    Springfield, MA 01103

Dated December 5, 2016                    /s/ Lisa C. deSousa
                                              Lisa C. deSousa, Esq.
                                              Kathleen E. Sheehan, Esq.